# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Marlon Dave, | : | Case No. 5:10CV0583 |
| Petitioner | : | Judge Kathleen M. O'Malley |
| v. | : | Magistrate Judge David S. Perelman |
| Michael Sheets, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his July 16, 1999 conviction pursuant to a plea of guilty to one count of involuntary manslaughter, and three counts of complicity to commit aggravated robbery, all counts including firearm specifications, upon which he was sentenced to an aggregate term of 35 years incarceration.[1]

Petitioner did not file a timely direct appeal of his conviction and sentence. Instead, on April 17, 2000 he filed a pro se notice of appeal and motion for delayed appeal to the Ohio Fifth

---

[1] Petitioner was originally charged in two separate indictments which were merged. The first charged him with one count of complicity to commit aggravated murder with a death penalty specification, and two counts of complicity to commit aggravated robbery, with all three counts including firearm specifications. The second charged him with three additional counts of complicity to commit aggravated robbery, with all three counts once again including firearm specifications. The negotiated plea agreement entered into by petitioner provided that the first count would be amended to involuntary manslaughter, that sentences would be merged, and that one final count of complicity to commit aggravated robbery would be dismissed.

1

District Court of Appeals.  The motion for delayed appeal was granted, but the petitioner failed to transmit the trial court record in a timely manner and, therefore, on October 2, 2000 the appellate court dismissed his appeal for want of prosecution.  Petitioner did not appeal the dismissal to the state supreme court.

More than two and a half years later, petitioner began filing a plethora of motions, applications, and petitions, including: (1) a motion filed on June 12, 2003 to withdraw his plea of guilty, and subsequent appeal to the Ohio Fifth District (but not the state supreme court) of its denial; (2) a motion filed on January 27, 2006 requesting leave to once again appeal his conviction and sentence; (3) an application filed on March 23, 2006 to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure; (4) a motion filed on April 25, 2006 to modify his sentence, the denial of which he subsequently appealed to the Ohio Fifth District (but not the state supreme court); (5) a post-conviction petition filed on April 21, 2008, the denial of which he subsequently appealed to the Ohio Fifth District and to the state supreme court; and (6) a third motion filed on July 21, 2008 for delayed direct appeal.

None of the foregoing having succeeded, the petitioner filed the instant petition for writ of habeas corpus on March 18, 2010, in which he initially raised four claims for relief but subsequently requested dismissal of the third and fourth claims.

The respondent argues, and this Court agrees, that the instant petition has been untimely filed and should be dismissed on that basis.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.  Section 2244(d)(2) further provides that: "The time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings.  Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case, petitioner's conviction became final on December 4, 2000, which was 45 days after the Ohio Fifth District Court of Appeals dismissed petitioner's direct appeal for want of prosecution, or the day upon which his appeal to the state supreme court should have been filed. Rule II, Section 2(A)(1)(a) of the Rules of Practice of the Ohio Supreme Court.  The one-year limitations period began to run on the following day, and continued to run for one year until it expired on December 5, 2001, without any actions having been filed by petitioner within that one-year period of time.  It was not until June of 2003 that petitioner filed his motion to withdraw plea of guilty, but that motion could not revive an already expired limitations period.  The instant petition having been filed on March 18, 2010, long after the expiration of the limitations period, is untimely and, therefore, subject to dismissal on that basis.

There is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus.[2]  It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts.  Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).  Having failed to make such a showing,

---

[2] Although petitioner initially argued that he was actually innocent of the charges against him, he withdrew that claim.

petitioner is not entitled to equitable tolling of the limitations period.

That being so, in light of all the foregoing the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.


DAVID S. PERELMAN
United States Magistrate Judge


DATE: September 21, 2010


## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).