UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARLON DAVE, ) | CASE NO. 5:10CV583 |
| ) | |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| MR. SHEETS, WARDEN, ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | |
| ) | |

This action is before the Court upon objections filed by Petitioner Marlon Dave, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge Davis S. Perelman. The Court ADOPTS the Report (Doc. 11) in its entirety. The Petition is DISMISSED.

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the Report and Recommendation as it relates to Dave's objections.  The objections lack merit.

1

**I.     Analysis**

The Report concludes that Dave's petition is untimely under the AEDPA. In his objection, Dave contends that no time limitation should be placed on his petition because his underlying conviction is void. Specifically, Dave contends that his indictment failed to include the proper *mens rea* element, rendering it void. Dave has offered no law in support of his argument that the AEDPA statute of limitations should not apply to his petition. Furthermore, courts have routinely found no merit in such a claim. In *Couch v. Warden*, 2010 WL 5631730 (S.D. Ohio Nov. 4, 2010), the district court rejected the precise argument raised by Dave. That court noted: "To the extent that Petitioner's argument as to the defect in indictment relies solely on state law, it provides no basis for federal relief." *Id.* at *4.

> To the extent that Petitioner's argument could be liberally construed as resting on federal due process principles, his claim still fails to provide a basis for federal relief. Other courts have found such claims to be procedurally defaulted because federal law has long held that the failure to include an essential element in an indictment may render the indictment defective, but such errors are waived or defaulted if a defendant fails to present them at his earliest opportunity.

*Id.* Herein, Dave makes the same errors in logic as the Petitioner in *Couch*. Dave relies upon Ohio law that permits a defect in an indictment to be raised for the first time on appeal. Despite Dave's conclusion to the contrary, that fact has no effect upon the statute of limitations in the AEDPA. Accordingly, Dave's objections lack merit.

**II.     Conclusion**

The Court hereby ADOPTS the Report and Recommendation in its entirety. Dave's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 8, 2011 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT